**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SARAH BLOOMFIELD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br>       Plaintiff, <br><br>       v. <br><br> LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS LEASING, LLC, a Delaware Limited Liability Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation, and LUMBER LIQUIDATORS SERVICES, LLC, a Delaware Limited Liability Corporation, <br><br>       Defendants. | Case No. 1:15-cv-1956 <br><br> CLASS ACTION <br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Sarah Bloomfield ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class" as more fully defined below), alleges against Defendant Lumber Liquidators Inc., Defendant Lumber Liquidators Leasing, LLC, Defendant Lumber Liquidators Holding, Inc., and Defendant Lumber Liquidators Services, LLC (collectively "Lumber Liquidators", the "Company", or "Defendants") the following facts and claims upon knowledge as to the matters relating to herself and upon information and belief as to all other matters and, by way of the Class Action Complaint, avers as follows:

## INTRODUCTION

1.      This is a proposed class action brought by Plaintiff on behalf of herself and the below-defined Class against Lumber Liquidators to obtain damages and injunctive relief arising from and relating to her purchase and installation of Lumber Liquidators' Chinese wood flooring material ("Chinese Flooring").

2.      This class action arises out of Lumber Liquidators' scheme to import into the United States, and to falsely warrant, advertise, and sell Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards as well as its breaches of express and implied warranties with respect to these products.

3.      In particular, in contrast to its direct representations to the contrary, Lumber Liquidators manufactures, sells, and distributes Chinese Flooring which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

4.      Further, contrary to Lumber Liquidators' repeated, detailed representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the toxic formaldehyde emissions form the Company's Chinese Flooring is multiple times the maximum permissible limits set by those standards at the time of purchase.

5.      Lumber Liquidators' illegal behavior with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiff and the other Class members to suffer direct financial harm. Plaintiff's purchases, by failing to comply with the plain warranties of the Chinese Flooring, is markedly less valuable because of its elevated level of formaldehyde.

Plaintiff would have paid significantly less, if she purchased Chinese Flooring at all, had she known that the products contained elevated levels of the toxin formaldehyde.

6.      Plaintiff asserts claims individually and on behalf of the other members of the proposed Class.

## PARTIES

7.      Plaintiff, Sarah Bloomfield, is a natural person and citizen of Illinois. Plaintiff owns a home in New Berlin, IL in which Lumber Liquidators' Chinese Flooring is installed.

8.      Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the State of Illinois.

9.      Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10.     Defendant, Lumber Liquidators Holding, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23618.

11.     Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liaiblity Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiff is citizens of Illinois and Defendants are domiciled and incorporated in a state other than Illinois), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million

Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiff's class.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because Lumber Liquidators does business and/or transacts business in this Judicial District, and therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## FACTUAL ALLEGATIONS

14.     Lumber Liquidators have manufactured, labeled and sold, during the Class Period, the toxic Chinese Flooring as being compliant with "CARB regulations in the State of California." CARB is an acronym for the California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.

15.     Lumber Liquidators' Chinese Flooring is not what it purports to be. The Chinese Flooring contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Contract Act, 15 U.S.C. 2601 et. seq. (Title VI – Formaldehyde Standards of Composite Wood Products) and is hazardous to human health.

16.     Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems. The risk of these health problems is significantly greater for children.

17.     Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk. Day after day, week after week, month after month, Plaintiff lives in her home, an enclosed place, where her flooring is emitting toxic cancer causing fumes.

18.     As such, the Chinese Flooring Lumber Liquidators sold Plaintiff and other customers poses great health risks.

19.     Lumber Liquidators' marketing materials for the Chinese Flooring contain false and misleading information relating to compliance with California standards and designed to increase sales of the product at issue.

20.     Lumber Liquidators deceptively manufactured, labeled, and sold the Chinese Flooring. The Chinese Flooring, having no monetary value, is worthless.

21.     Plaintiff and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring. Plaintiff and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## PLAINTIFF BLOOMFIELD'S EXPERIENCE

22.     Plaintiff Bloomfield installed the Chinese Flooring in her home in August, 2014.

23.     Unknown to Plaintiff, the Chinese Flooring was defective in that it had high levels of formaldehyde emissions and other failures as described.

24.     The characteristics of the Chinese Flooring defect (the formaldehyde emissions) were present when the Chinese Flooring left Lumber Liquidators and were part of the design and manufacture.

25.     Plaintiff has suffered damage to herself and her family.

## COMMON FACTUAL ALLEGATIONS

26.     Upon information and belief, Lumber Liquidators has sold, directly or indirectly (through dealers and other retail outlets), tens of thousands of square feet of Chinese Flooring in Illinois and the Class States.

27.     Lumber Liquidators sells its Chinese Flooring through third-party sellers or through its directly-owned showrooms.

28.     At the time of sale, Lumber Liquidators warranted that its Chinese Flooring was fit for the ordinary purpose for which such goods were used and were free from defects in materials and workmanship.

29.     Lumber Liquidators represented and warranted that its Chinese Flooring conformed to the applicable Illinois building codes and applicable CARB standards.

30.     These representations, described herein, became part of the basis of the bargain when Plaintiff and Class Members, and/or their builders purchased the Chinese Flooring, and/or assumed the warranty.

31.     In addition, these representations became part of the basis of the bargain when Plaintiff and/or Class Members purchased the product with Lumber Liquidators' express representations concerning the quality of the Chinese Flooring.

32.     Plaintiff and Class Members relied on Lumber Liquidators' warranty, published specifications and/or advertisements regarding the quality of the Chinese Flooring.

33.     However, the Chinese Flooring does not conform to these express representations and warranties, and, as alleged herein, Lumber Liquidators breached its express warranties and representations concerning this flooring.

34.     The Chinese Flooring suffers from various design deficiencies which further discovery will establish in detail, including, excessive formaldehyde levels.

35.     Because the Chinese Flooring emits excessive formaldehyde levels, they violate Illinois building codes and industry standards, including the applicable Building Codes and CARB standards as well as Lumber Liquidators' express representations and warranties.

36.      The defects and deficiencies are due to fundamental design, engineering, and manufacturing errors well within Lumber Liquidators' area of expertise.

37.     In addition to the express representations and warranties regarding the quality of the flooring discussed herein, Lumber Liquidators also ships a Limited Warranty with its Chinese Flooring.

38.     However, Lumber Liquidators' shipping of the Chinese Flooring with prior knowledge of the defects, or with negligent or reckless disregard of the presence of defects, constituted a breach of its express warranty, makes the limitations of the Limited Warranty unconscionable in all respects, and therefore is void *ab initio*.

39.     The Limited Warranty is not a negotiated contract and is so one-sided that no reasonable person would ever knowingly agree to its terms if properly disclosed.

40.     Moreover, during contact with the Class members, Lumber Liquidators concealed its knowledge of repeated product defects in the Chinese Flooring in the Class members' structures.

41.     As Lumber Liquidators has known of the Chinese Flooring defects and has failed to timely honor its express and implied warranties, the Limited Warranty has failed of its essential purpose, and the limitations therein are null and void. Further, the limitations contained in the Limited Warranty are not conspicuous.

42.     Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has not notified all purchasers, builders, and/or homeowners with the Chinese Flooring of the defect nor provided uniform relief.

43.     Plaintiff and Class Members have not received the value for which they or their builder bargained when the Chinese Flooring was purchased. There is a difference in value between the Chinese Flooring as warranted and the Chinese Flooring containing the defect.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23. The requirements

of Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4) are met with respect to the classes defined

below:

> **INJUNCTIVE RELIEF CLASS:**
> **All persons and entities who purchased and installed wood flooring
> from Lumber Liquidators Holdings, Inc., either directly or through
> an agent, that was sourced, processed, or manufactured in China.**
>
> **DAMAGES CLASS:**
> **All persons and entities purchased and installed wood flooring from
> Lumber Liquidators Holdings, Inc., either directly or through an
> agent, that was sourced, processed, or manufactured in China.**
>
> **(ALTERNATIVE) DAMAGES CLASS:**
> **All persons and entities in Illinois who purchased and installed wood
> flooring from Lumber Liquidators Holdings, Inc., either directly or
> through an agent, that was sourced, processed, or manufactured in
> China.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and

members of their families; (b) Lumber Liquidators, its affiliates, employees officers and

directors, persons or entities that distribute or sell Lumber Liquidators flooring; (c) all persons

who properly execute and file a timely request for exclusion from the Classes; and (d) the

attorneys of record in this case.

45.     *Numerosity:* The Classes are composed of thousands of persons geographically

dispersed, the joinder of whom in one action is impractical. Moreover, upon information and

belief, the Classes are ascertainable and identifiable from Lumber Liquidator records or

documents.

46.     *Commonality*: Questions of law and fact common to the Classes exist as to all

members of the Classes and predominate over any questions affecting only individual members

of the Classes. These common legal and factual issues include, but are not limited to the following:

  a. Whether Lumber Liquidators' Chinese Flooring products emit excessive levels of formaldehyde;

  b. Whether Lumber Liquidators represented and warranted that its Chinese Flooring products complied with their label descriptions;

  c. Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiff and the other Class members regarding the illegal sourcing of its Chinese Flooring products;

  d. Whether Lumber Liquidators breached its express or implied warranties to Plaintiff and the other Class members with respect to its Chinese Flooring products;

  e. Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to the label description;

  f. Whether, as a result of Lumber Liquidators' conduct, Plaintiff and the other Class members have suffered damages; and if so, the appropriate measure of damages to which they are entitled;

  g. Whether, as a result of Lumber Liquidators' conduct, Lumber Liquidators was unjustly enriched; and

  h. Whether, as a result of Lumber Liquidators' misconduct. Plaintiff and the other Class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

47. *Typicality:* Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and each of the other Class members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

48. *Adequate Representation:* Plaintiff will fully and adequately assert and protect the interests of the other Class members. In addition, Plaintiff has retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff

nor her attorneys have any interests contrary to or conflicting with other Class members' interests.

49. *Predominance and Superiority:* This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and Courts throughout Illinois would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## COUNT I
### (Negligence)

50. Plaintiff on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

51. Lumber Liquidators had a duty to Plaintiff and to members of the Class to manufacture and sell flooring that was free of excessive formaldehyde levels that would cause damage to Plaintiff's person and property.

52. Lumber Liquidators had a duty to Plaintiff and to members of the Class to test the Chinese Flooring to ensure safe levels of formaldehyde for a reasonable period of use.

53. Lumber Liquidators had a duty to Plaintiff and to Class members to ensure that the Chinese Flooring was suitable, either by testing or by verifying third-party test results.

54. Lumber Liquidators had a duty to Plaintiff and to members of the Class to ensure that the Chinese Flooring complied with industry standards and all applicable building codes throughout Illinois.

55. Lumber Liquidators failed to exercise ordinary and reasonable care in the purchase and sale of the Chinese Flooring and in determining whether the Chinese Flooring that it sold, and continued to sell, contained a latent defect that would result in dangerous and potentially life threatening levels of formaldehyde emissions.

56. Lumber Liquidators failed to exercise ordinary and reasonable care in the purchase and sale of the Chinese Flooring and breached the foregoing duties.

57. Lumber Liquidators breached its duty to the Plaintiff and class members to test the Chinese Flooring to ensure safe levels of formaldehyde emissions for a reasonable period of use.

58. Lumber Liquidators breached its duty to Plaintiff and to class members to ensure that the Chinese Flooring was suitable, either by testing or by verifying third-party test results.

59. Lumber Liquidators breached its duty to Plaintiff and to members of the class to ensure that the Chinese Flooring complied with industry standards and the applicable building codes.

60. Lumber Liquidators breached its duty to Plaintiff and to members of the class to forewarn purchasers, installers, and users regarding the known risk of formaldehyde emissions.

61. The negligence of Lumber Liquidators, its agents, servants, and/or employees, include the foregoing, as well as the following acts and/or omissions:

      a.     processing, distributing, delivering, supplying, inspecting, marketing and/or selling Chinese Flooring without adequately and thoroughly testing them to all applicable standards and building codes;

       b.      processing, distributing, delivering, supplying, inspecting, marketing and/or selling Chinese Flooring without adequately testing long term performance;

       c.      negligently failing to ensure that the Chinese Flooring conformed to all applicable standards and building codes; and

       d.      concealing information concerning the dangerous level of formaldehyde emissions in the Chinese Flooring from Plaintiff and the Class members, while knowing that Lumber Liquidators' Chinese Flooring was defective and non-conforming with accepted industry standards and building codes.

62.     Plaintiff and the Class Members have been damaged because the Chinese Flooring do not perform their ordinary purpose and emit high levels of formaldehyde gas.

63.     Plaintiff and the Class Members have also been damaged as a direct and proximate result of the negligence, carelessness, recklessness, willfulness, and wantonness of Lumber Liquidators as aforesaid.

64.     As Lumber Liquidators' conduct was grossly negligent, reckless, willful, wanton, intentional, fraudulent or the like, Plaintiff and the Class members are entitled to an award of punitive damages against Lumber Liquidators.

## COUNT II
### (Breach of Express Warranty)

65.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

66.     Lumber Liquidators warranted that its flooring was free of defects when it sold those products to Plaintiff and the members of the Class as described in this Complaint. Defendants further represented that its flooring products complied with CARB formaldehyde standards and all applicable laws and regulations. Plaintiff and members of the Class reasonably relied upon these representations.

67.     Lumber Liquidators' warranties became part of the basis of the bargain.

68. Lumber Liquidators breached their warranties by:

   a. Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

   b. Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

   c. Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

69. Plaintiff, on behalf of herself and the other Class members, provided Lumber Liquidators with timely notice of its breach of warranty. Lumber Liquidators was also on notice regarding the excessively high levels of formaldehyde in its flooring from the complaints and requests for refund it received from Class members, Internet message boards and from published product reviews.

70. As a direct and proximate result of Lumber Liquidators' misconduct, Plaintiff and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale. Additionally, Plaintiff and the other Class members have either incurred or will incur economic damages at the point of repair in the form of the cost of repair and/or the cost of purchasing non-defective flooring to replace the Lumber Liquidators' flooring.

71. Plaintiff and the other Class members are entitled to legal and equitable relief against Lumber Liquidators, including damages, consequential damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

## COUNT III
### (Breach of Implied Warranties)

72. Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

73. At all times relevant hereto, there was a duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used and that the product be acceptable in trade for the product description.

74. Defendants breached this duty by selling flooring to Plaintiff and the other members of the Class that was not merchantable.

75. Defendants were notified that its product was not merchantable within a reasonable time after the defect manifested itself to Plaintiff and the members of the Class.

76. As a result of the non-merchantability of Lumber Liquidators' flooring described herein, Plaintiff and other members of the Class sustained a loss or damages.

**COUNT IV**
**(Violation of Illinois Consumer Fraud and Deceptive Business Practices Act)**
**(On behalf of Plaintiff and Illinois Class Members)**

77. Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

78. The conduct described above and throughout this Complaint took place within the State of Illinois and constitutes unfair business practices in violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. (hereinafter "CFA").

79. The CFA applies to the claims of Plaintiff and all Illinois Class members because the conduct which constitutes violations of the CFA by the Defendants occurred within the State of Illinois.

80. The CFA prohibits unfair methods of competition and unfair and deceptive acts or practices, including among other things, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, . . . whether any person has in fact been misled, deceived or damaged thereby."

81.     Lumber Liquidators engaged in the concealment, suppression, or omission in violation of the CFA when, in selling and advertising the Chinese Flooring, Lumber Liquidators knew that there were defects in the Chinese Flooring which would result in dangerous levels of formaldehyde gas emissions.

82.     Lumber Liquidators engaged in the concealment, suppression, or omission of the aforementioned material facts with the intent that others, such as Plaintiff, Plaintiff's Builders, Class Members, Class Member's Builders, and/or the general public would rely upon the concealment, suppression, or omission of such material facts and purchase Lumber Liquidators' Chinese Flooring containing said defect.

83.     Plaintiff, Plaintiff's Builder, Class Members, and/or Class Member's builders would not have purchased the Chinese Flooring had they known or become informed of the material defects in the Chinese Flooring.

84.     Lumber Liquidators' concealment, suppression, or omission of material facts as alleged herein constitute unfair, deceptive and fraudulent business practices within the meaning of the CFA.

85.     Lumber Liquidators has acted unfairly and deceptively by misrepresenting the quality of the Chinese Flooring

86.     Lumber Liquidators either knew, or should have known, that the Chinese Flooring was defectively designed and/or manufactured and would emit unsafe levels of formaldehyde, which would result in severe damages to the Plaintiff's person and property.

87.     Upon information and belief, Lumber Liquidators knew that, at the time Chinese Flooring left Lumber Liquidators' control, the Chinese Flooring contain the defect described herein resulting in dangerous levels of formaldehyde emissions. At the time of sale, the Chinese

Flooring contained the defects. The defects permit unsafe levels of formaldehyde gas emission and rendered the flooring unable to perform the ordinary purposes for which it was used as well as cause the resulting damage described herein.

88.     As a direct and proximate cause of the violation of the CFA, described above, Plaintiff and members of the Class have been injured in that they have purchased homes or other structures with the unsafe and dangerous Chinese Flooring based on nondisclosure of material facts alleged above. Had Plaintiff and Class Members known the defective nature of the Chinese Flooring used on their structures, they would not have purchased their structures, or would have paid a lower price for their structures.

89.     Lumber Liquidators used unfair methods of competition and unfair or deceptive acts or practices in conducting their businesses. This conduct constitutes fraud within meaning of the CFA. This unlawful conduct is continuing, with no indication that Lumber Liquidators will cease.

90.     As a direct and proximate result of Lumber Liquidators' unfair and deceptive acts and practices, Plaintiff and the other members of the Class will suffer damages, which include, without limitation, costs to inspect, repair or replace their flooring and other property, in an amount to be determined at trial.

91.     As a direct and proximate result of Lumber Liquidators' unfair and deceptive acts and practices, Plaintiff and the other members of the Class will suffer damages, which include, without limitation, to their health and wellbeing in an amount to be determined at trial.

92.     As a result of the acts of consumer fraud described above, Plaintiff and the Class have suffered ascertainable loss in the form of actual damages that include the purchase price of the products for which Lumber Liquidators is liable to the Plaintiff and the Class for treble their

ascertainable losses, plus attorneys' fees and costs, along with equitable relief prayed for herein in this Complaint.

## COUNT V
### (Fraudulent Misrepresentation)

93.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

94.     Lumber Liquidators falsely and fraudulently represented to Plaintiff, the Class members, and/or the consuming public in general that Lumber Liquidators' products would be free from defects and fit for their customary and normal use.

95.     Lumber Liquidators falsely represented to purchasers, consumer, and Window owners that the Chinese Flooring was warranted against defects in material and workmanship when in fact the Limit Warranty was so limited as to prevent and preclude any warranty protection against the known defect in the Chinese Flooring.

96.     When said representations were made by Lumber Liquidators, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

97.     These representations were made by Lumber Liquidators with the intent of defrauding and deceiving the Plaintiff, the Class members and/or the consuming public, all of which evinced reckless, willful, indifference to the safety and welfare of the Plaintiff and the Class members.

98.     At the time the aforesaid representations were made by Lumber Liquidators, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

99. In reliance upon said representations, the Plaintiff's and Class members' properties were built using Lumber Liquidators' Chinese Flooring, which were installed and used on Plaintiff's and the Class members' properties thereby sustaining damage and injury and/or being at an increased risk of sustaining damage and injury in the future.

100. Lumber Liquidators knew and was aware, or should have been aware, that Lumber Liquidators' Chinese Flooring was defective and not fit for their customary and normal use.

101. Lumber Liquidators knew, or should have known, that Lumber Liquidators' Chinese Flooring had a potential to, could, and would cause severe damage and injury to property owners.

102. Lumber Liquidators brought its Chinese Flooring to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff and the Class members.

103. By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VI
### (Negligent Misrepresentation)

104. Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

105. Lumber Liquidators made representations about the Chinese Flooring to Plaintiff, Class members, and their agents or predecessors, as set forth in this complaint.

106. Those representations were false.

107. When Lumber Liquidators made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

108.    Lumber Liquidators knew that Plaintiff, Class members, and their agents or predecessors, were relying on the representations.

109.    In reliance upon the representations, Plaintiff and Class Members purchased the Chinese Flooring and installed on the Plaintiff's and Class members' homes.

110.    As a direct and proximate result of Lumber Liquidators negligent misrepresentations, Plaintiff and Class members have been damaged as set forth in this Complaint.

111.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damage, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT VII
### (Fraudulent Omission/Concealment)

112.    Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

113.    Lumber Liquidators knew or should have known that the Chinese Flooring was defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers.

114.    Lumber Liquidators fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class that the Chinese Flooring is defective.

115.    Lumber Liquidators had exclusive knowledge of the defective nature of the Chinese Flooring at the time of sale. The defect is latent and not something that Plaintiff or Class

members, in the exercise of reasonable diligence, could have discovered independently prior to purchase, because it is not feasible.

116.     Lumber Liquidators had the capacity to, and did, deceive Plaintiff and Class members into believing that they were purchasing flooring free from defects.

117.     Lumber Liquidators undertook active and ongoing steps to conceal the defect. Plaintiff is aware of nothing in Lumber Liquidators' advertising, publicity or marketing materials that disclosed the truth about the defect, despite Lumber Liquidators' awareness of the problem.

118.     The facts concealed and/or not disclosed by Lumber Liquidators to Plaintiff and the Class members are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) the flooring from their builders.

119.     Lumber Liquidators intentionally concealed and/or failed to disclose material factors for the purpose of inducing Plaintiff and the Class to act thereon.

120.     Plaintiff and the Class justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of the Chinese Flooring.

121.     Plaintiff and Class members suffered a loss of money in an amount to be proven at trial as a result of Pella's fraudulent concealment and nondisclosure because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the defective flooring had been known; (b) they paid a price premium due to fact that the flooring would be free from defects; and (c) the flooring did not perform as promised. Plaintiff also would have initiated this suit earlier had the defect been disclosed to her.

122.     By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VIII
## (Unjust Enrichment)

123.    Plaintiff on behalf of herself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

124.    Plaintiff and Class members conferred a benefit on Defendants when they purchased the Chinese Flooring.

125.    Lumber Liquidators has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Lumber Liquidators' Chinese Flooring is defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers and caused the Plaintiff and Class members to lose money as a result thereof.

126.    Plaintiff and Class members suffered a loss of money as a result of Lumber Liquidators' unjust enrichment because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the unsafe Chinese Flooring had been known; (b) they paid a price premium due to the fact the Chinese Flooring would be free from defects; and (c) the Chinese Flooring did not perform as promised.

127.    Because Lumber Liquidators' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Lumber Liquidators must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

128.     Plaintiff and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

**COUNT IX**
**(Violation of the Magnuson-Moss Warranty Act)**

129.     Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

130.     Plaintiff and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

131.     Lumber Liquidators is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

132.     Lumber Liquidators flooring purchased separate from the initial construction of the structure constitutes a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

133.     Lumber Liquidators' express warranties and written affirmations of fact regarding the nature of the flooring, including that the flooring was free from defects and was in compliance with CARB and EU formaldehyde standards and all other applicable laws and regulations, constitute written warranties within the meaning of 15 U.S.C. § 2301(6).

134.     Lumber Liquidators breached their warranties by:

   a.     Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

   b.     Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

   c.     Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

22

135.    Lumber Liquidators' breach of its express warranties deprived Plaintiff and the other Class members of the benefits of their bargains.

136.    As a direct and proximate result of Lumber Liquidators' breaches of its written warranties, Plaintiff and the other Class members sustained damages in an amount to be determined at trial. Lumber Liquidators' conduct damaged Plaintiff and the other Class members, who are entitled to recover damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

**COUNT X**
**(Declaratory Relief 28 U.S.C. § 2201)**

137.    Plaintiff, on behalf of herself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

138.    Lumber Liquidators has acted or refused to act on grounds that apply generally to the Declaratory Relief Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiff seeks a ruling that:

a.    the Chinese Flooring has a defect which results in unsafe levels of formaldehyde emissions. The defect may not be detectable until after the warranty provided by Lumber Liquidators has expired. The Court finds that this defect if material and requires disclosure for all of this flooring;

b.    the Chinese Flooring has a defect in workmanship and material that allows for unsafe levels of formaldehyde emissions. The defect may not be detectable until after the warranty provided by Lumber Liquidators has expired. The court declares that all persons who own structures containing Chinese Flooring are to be provided the best practicable notice of the defect, which cost shall be borne by Lumber Liquidators;

c.    Certain provisions of Lumber Liquidators' warranty are void as unconscionable;

d.    Lumber Liquidators shall re-audit and reassess all prior warranty claims, including claims previously denied in whole or in part, where the denial was

based on warranty or on other grounds, and pay the full cost of repairs and damages; and

e.    Lumber Liquidators will establish an inspection program and protocol, under Court supervision, to be communicated to class members, which will require Lumber Liquidators to inspect, upon request, a class member's structure to determine formaldehyde emissions levels are safe. Any disputes over coverage shall be adjudicated by a Special Master appointed by the Court and/or agreed to by the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated, prays for a judgment against Defendants as follows:

a.    For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiff as representative of the Classes, and appointing the law firms representing Plaintiff as Class Counsel;

b.    For compensatory damages sustained by Plaintiff and the Damages Class;

c.    For equitable and/or injunctive relief for the Declaratory Relief Class;

d.    For payment of costs of suit herein incurred;

e.    For both pre-judgment and post-judgment interest on any amounts awarded;

f.    For punitive damages;

g.    For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff on behalf of herself and on behalf of the Class Members, hereby demands a trial by jury as to all issues so triable.

Date: March 4, 2015

Respectfully submitted,

By:    /s/ Edward Eshoo, Jr.
         Edward Eshoo, Jr.
         Michael W. Duffy
         CHILDRESS DUFFY, LTD.
         500 N. Dearborn Street, Suite 1200
         Chicago, Illinois 60654
         Telephone: (312) 494-0200
         Facsimile: (312) 494-0202
         Eeshoo@childresslawyers.com
         mduffy@childresslawyers.com